IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02692-BNB

ROBERT WAYNE ROBINSON,

Applicant,

v.

JOHN DAVIS, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 10 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Robert Wayne Robinson, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Robinson, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court must construe the application liberally because Mr. Robinson is a *pro se* litigant. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. See **Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Robinson will be ordered to file an amended application.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Robinson go beyond notice pleading. See **Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. See **Ruark v.**

*Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Mr. Robinson must allege **on the Court-approved form** both the claims he seeks to raise and the specific facts to support each asserted claim. The Court has reviewed the application Mr. Robinson submitted to the Court, and finds that it is deficient. Mr. Robinson fails to assert on pages five and six of the Court habeas form a statement of the claims he intends to raise in this Court. Rather, he makes vague references to attached pages and apparently expects the Court and Respondents to determine his asserted claims, which are not clear despite Mr. Robinson's page references. Determining Applicant's asserted claims is not a judicial function, nor is it Respondents' responsibility.

The Court is not responsible for reviewing any attached documents submitted by Mr. Robinson to determine what claims and specific facts he intends to raise in the instant action. Therefore, Mr. Robinson will be ordered to file an amended application in which he identifies, **on the Court-approved form**, all the specific claims for relief that he is asserting, and in which he provides specific facts in support of each asserted claim.

Accordingly, it is

ORDERED that Applicant, Robert Wayne Robinson, file **within thirty days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Robinson, together with a copy of this order, two copies of the following form, one of which is to be used in submitting the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Robinson fails within the time allowed to file an

amended application as directed, the action will be dismissed without further notice.

DATED November 10, 2010, at Denver, Colorado.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02692-BNB

Robert Wayne Robinson
Prisoner No. 49082
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 11/10/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk